UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


LISA DIAUGUSTINO,                      )
                                       )
                    Plaintiff          )
                                       )
             v.                        )   Civil Action No. 13-30140-KPN
                                       )
NEW PENN MOTOR EXPRESS, INC.,          )
and MICHAEL LACY                       )
                                       )
                    Defendants         )

MEMORANDUM AND ORDER WITH REGARD TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Document No. 33)
October 30, 2014

NEIMAN, U.S.M.J.

New Penn Motor Express, Inc. ("New Penn") and Michael Lacy ("Lacy")

(together, "Defendants") have jointly moved for summary judgment with respect to all

aspects of Lisa DiAugustino ("Plaintiff")'s employment discrimination complaint.  The

complaint raises claims of sexual harassment, sex/gender discrimination, and retaliation

pursuant to M.G.L. c. 151B.

On October 24, 2014, the court held a hearing on Defendants' motion and

granted it in part and denied it in part.  The court now issues this memorandum to

memorialize and explain its ruling in more detail.  The parties have consented to the

jurisdiction of this court pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

1.

As an initial matter and as indicated at the hearing, the court has not considered

any of Plaintiff's allegations of harassment by other New Penn employees beyond those

facts alleged with respect to Lacy himself.  As Defendants correctly point out, no such

allegations were within the scope of Plaintiff's initial charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD") and, therefore, are not properly before this court.  *See Pelletier v. Town of Somerset*, 939 N.E.2d 717, 727 (Mass. 2010) ("Whether elements of a claim fall within the scope of an MCAD investigation presents a question of law for judicial determination.").  Simply stated, Plaintiff's initial charges contained no reference to any employee other than Lacy.  *See Ianetta v. Putnam Invs., Inc.*, 142 F. Supp. 2d 131, 134 (D. Mass. 2001) ("An employment-discrimination complaint is limited to the charges filed before the EEOC/MCAD and to all claims reasonably within the scope of the agency's investigation.").  Indeed, Plaintiff also failed to allege any such facts with respect to other employees in her complaint in this forum.  Accordingly, Plaintiff cannot now rely upon allegations against other employees in support of her sexual harassment, sex/gender discrimination, and retaliation claims against New Penn.  *See Furtado v. Standard Parking Corp.*, 820 F. Supp. 2d 261, 274-275 (D. Mass. 2011).  Consequently, her claims against Defendants may be grounded only on Lacy's alleged conduct.

2.

Plaintiff has asked the court to conclude for present purposes that (a) Lacy's alleged conduct, both within and outside the applicable 300-day limitations period, amounted to sexual harassment and that (b) such conduct was part of a continuing violation.  *See Pelletier*, 939 N.E.2d at 731; 804 C.M.R. § 1.10(2).  The court is not persuaded in either respect.  First, the "get naked" incident - - the more crucial incident of those alleged during the limitations period - - occurred approximately fourteen months

after the "Oreo" and "nice skirt" comments, which predate the 300-day limitations period. Given both the significant gap in time and the disparate nature of the comments themselves, the timely acts do not have a "substantial relationship" to the alleged untimely acts to establish a continuing violation. *See Ocean Spray Cranberries, Inc. v. Massachusetts Comm'n Against Discrimination*, 808 N.E. 2d 257, 266 (Mass. 2004) ("[A] complainant must ordinarily prove that . . . the alleged timely discriminatory acts have a substantial relationship to the alleged untimely discriminatory acts."). Second, in light of both the fourteen-month gap and the infrequency of the incidents themselves, Plaintiff has failed to demonstrate that her environment was "pervasively hostile." *Pelletier*, 939 N.E. 2d at 731. Indeed, Plaintiff does not dispute the fact that, after her December 15, 2010 complaint to her superior, Lacy did not engage in any further harassing conduct until February 2012.

Third, and perhaps most importantly, Plaintiff would have had reason to believe that her situation was "unlikely to improve," thereby prompting her to pursue a charge against Defendants for Lacy's earlier remarks. *Id.* In her own Statement of Facts, Plaintiff asserts that her supervisor, Paul Dubiel ("Dubiel"), did not respond to her December 15, 2010 complaint about Lacy, merely "asked [her] what she wanted him to do about the sexual harassment but then did not listen to [her] response," and "never followed up with [her] regarding her complaint." (Pl's SOF ¶¶ 63-64.) Given those facts, "a reasonable person in her position would have filed a complaint with the MCAD before the statue ran on that conduct." *Cuddyer v. Stop & Shop Supermarket, Co.*, 750 N.E. 2d 928, 942 (Mass. 2001). There being no continuing violation, the court need only consider the conduct alleged to have occurred during the 300-day limitations period,

November 22, 2011, through September 17, 2012. *See* M.G.L. c. 151B, § 5; *Ocean Spray Cranberries, Inc.*, 808 N.E.2d at 265.

3.

Unfortunately for her cause, Plaintiff presents no genuine issue of material fact with which a reasonable jury could find, with respect to the limitations period, "sufficiently severe and pervasive" harassment supportive of the hostile work environment claims she pursues against both New Penn (Count I) and Lacy (Count IV). *Muzzy v. Cahillane Motors, Inc.*, 749 N.E. 2d 691, 694 (Mass. 2001) ("To sustain [her] burden, [the plaintiff] needed to establish that the conduct alleged was sufficiently severe and pervasive to interfere with a reasonable person's work performance."). First, with regard to comments Lacy allegedly made about his wife's illness, Plaintiff has failed to proffer sufficient evidence demonstrating that the comments had sexually harassing overtones or were directed at Plaintiff and/or her gender. Indeed, Plaintiff concedes that Lacy freely made similar comments to groups of other individuals.

Second, with regard to the so-called "get naked" incident in February of 2012 - - when Lacy allegedly told Plaintiff that she should "get naked" for what he was about to say, namely, that he would be leaving New Penn's employ in two weeks - - the court finds it insufficiently egregious to singularly sustain a claim of sexual harassment in the workplace. While a single incident may occasionally form the basis for a hostile work environment, *see Cuddyer*, 750 N.E. 2d at 941 n.21, the court is not convinced here that the "effects" of the "get naked" comment, whatever it means, were at all "profound." *Morehouse v. Berkshire Gas Co.*, 989 F.Supp. 54, 62 (D. Mass. 1997) (discussing sufficiently egregious instance of single episode of harassment where defendant

4

"superimposed the face of his female [colleague] onto pornographic photos of women and distributed the composite pictures to four or five co-workers"). In fact, Plaintiff and Lacy not only continued to converse minutes later but Plaintiff, supportively, asked him why he was not taking a medical leave and applying to work at a New Penn facility closer to his home. (Defs' SOF ¶ 22.d.) This is hardly a building block of a sexual harassment claim. Thus, the court has little choice but to conclude, as a matter of law, that Lacy's conduct within the 300-day limitations period did not amount to actionable sexual harassment. *See Noviello v. City of Boston*, 398 F.3d 76, 92 (1st Cir. 2005) ("In determining whether a reasonable person would find particular conduct hostile or abusive, a court must mull the totality of the circumstances, including factors such as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.") (internal quotation marks omitted); *Cuddyer*, 750 N.E. 2d at 937 ("A hostile work environment is one that is pervaded by harassment and abuse, with the resulting intimidation, humiliation, and stigmatization, and that poses a formidable barrier to the full participation of an individual in the workplace.") (internal quotation marks omitted). Accordingly, summary judgment shall enter for Defendants on Counts I and IV.

4.

Plaintiff's separate claims of "sex/gender discrimination and harassment" against New Penn (Count II) and Lacy (Count V), which the court understands to be inextricably tied to her sexual harassment claims, cannot succeed for the same reasons set forth above. Relatedly, to the extent that Plaintiff's retaliation claims against New Penn

(Count III) and Lacy (Count VI) are contingent on Lacy's conduct, those claims must fail as well. The only conduct that occurred subsequent to Plaintiff's December 15, 2010 complaint and, therefore, might be considered adverse or retaliatory are the "get naked" incident and comments about his wife's illness. As described, however, such comments cannot be said to rise to the level of a hostile work environment. *See Noviello*, 398 F.3d at 92 ("An allegedly retaliatory act must rise to some level of substantiality before it can be actionable."). Accordingly, Defendants are entitled to summary judgment on Count VI, said Count targeting Lacy only, and Count III, to the extent that claim against New Penn is based on Lacy's conduct. The remaining part of Count III is addressed next.

5.

Defendants, the court finds, have not met their summary judgment burden with respect to those parts of Plaintiff's remaining retaliation claim against New Penn, *i.e.*, failure to promote and retaliatory discharge. Plaintiff, as an initial matter, has proffered sufficient evidence to establish a *prima facie* case of retaliation on both grounds, in that she engaged in protected activity, suffered an adverse action, and a causal connection may well exist between the two. *Psy-Ed Corp. v. Klein*, 947 N.E. 2d 520, 530 (Mass. 2011); *see also Rivera-Colon v. Mills*, 635 F.3d 9, 12 (1st Cir. 2011). Further, when viewing the facts in a light most favorable to Plaintiff, the court finds genuine issues of material fact as to whether New Penn's proffered reasons for failing to promote her to Operations Supervisor and for terminating her employment were "pretext masking retaliation." *Wright v. CompUSA, Inc.*, 352 F.3d 472, 478 (1st Cir. 2003). These facts include but are not limited to Dubiel's failure to respond to Plaintiff's December 15, 2010 complaint about Lacy (Pl's SOF ¶¶ 63-64), Dubiel's knowledge that she applied for the

Operations Supervisor position two months after her complaint (Pl's Ex. J p. 77), Dubiel's oversight of the hiring process (Id.), and his decision to terminate Plaintiff's employment two days after he became aware that she sent a text message to another supervisor stating that she had been subjected to harassment and discrimination. (Defs' SOF ¶¶ 37-38, 41.) *See Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (at summary judgment, the non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact). In short, it is unclear at this stage of the proceedings whether New Penn's desire to retaliate against Plaintiff, if any, was a "determinative factor" in its decision to take adverse action. *See Psy-Ed Corp.*, 947 N.E. 2d at 530. Accordingly, Defendants' motion for summary judgment as to Count III shall be denied with respect to the failure to promote and retaliatory discharge claims.

## ORDER

For the foregoing reasons, Defendants New Penn Motor Express, Inc. and Michael Lacy's Motion for Summary Judgment is GRANTED as to Counts I, II, IV, V, and VI. Defendants' motion is also GRANTED with respect to Count III to the extent that claim is based on a hostile work environment, but DENIED insofar as the claim is grounded on a failure to promote and termination from employment. Accordingly, New Penn is the only defendant against whom the case will go forward at trial.

IT IS SO ORDERED.

DATED: October 30, 2014 /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

7